UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SCOTT THOMAS, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:17CV00775 ERW |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner John Scott Thomas, III's *Pro Se* Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1].

### I. BACKGROUND

Petitioner John Scott Thomas, III ("Petitioner") pled guilty to eight counts of first-degree statutory sodomy and one count of first-degree statutory rape on November 27, 2012. The circuit court sentenced Petitioner to thirty years imprisonment, and Petitioner did not file a direct appeal of his sentence. Petitioner filed a timely motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. His motion was denied, and Petitioner did not appeal the state court's denial of this motion. On February 16, 2017, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254. On March 1, 2017, this court issued an Order to Show Cause as to why his petition should not be dismissed as time-barred [5].

### II. STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal

1

court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent is found where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.*

## III. DISCUSSION

Petitioner asserts four claims in his petition for writ of habeas corpus. First, he alleges ineffective assistance of counsel for failing to investigate coercion used by law enforcement. Second, Petitioner alleges ineffective assistance of counsel for failing to protect his constitutional rights. Third, Petitioner alleges ineffective assistance of counsel for failing to investigate whether

his victim's mother had a sexually transmitted disease. Finally, Petitioner asserts plea hearing counsel conspired to coerce him to plead guilty and sign a post-conviction waiver of rights.

## A. Timeliness

This Court assessed the timeliness of Petitioner's habeas petition in the Order to Show Cause and found 915 days elapsed between the date the state court judgment in the state post-conviction case became final and the filing of the instant petition on February 16, 2017 [5]. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for writs of habeas corpus filed under 28 U.S.C. § 2254, which begins running on the date judgment becomes final. *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). The AEDPA's one-year limitation period is tolled, however, while "a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2254(d)(2).

Here, Petitioner filed a motion for post-conviction relief on August 13, 2013, which the circuit court denied on July 7, 2014. This Court concluded, when it issued the show cause order, that tolling is not warranted for the 180 days between the date Petitioner's sentence became final, February 15, 2013, and August 13, 2013, the date Petitioner filed his post-conviction relief in state court. *See Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011) (holding that the limitations period is not tolled prior to the filing of the state application for relief). This Court found the limitations period was tolled for 368 days, beginning August 13, 2013 and ending August 16, 2014 (the time during which he could have appealed the court's adverse ruling). *See Williams*, 299 F.3d 981 at 981-82 (noting the limitations period is tolled during time that state prisoner could have appealed lower court's adverse ruling); Mo. Sup. Ct. R. 81.04 (petitioner has 10 days to appeal after dismissal of post-conviction relief becomes final); Mo. Sup. Ct. R. 81.05 (judgment becomes final 30 days after its entry, unless an authorized after-trial motion is filed).[1] No appeal of the denial was filed, and

---

[1] On March 28, 2016, after expiration of the one-year limitations period, Petitioner filed a request to reopen his post-conviction case in state court. His request was denied, and he appealed the denial to the Missouri Court of Appeals.

Petitioner did not file the instant habeas petition until February 16, 2017, 915 days later. Thus, this Court found 1095 days elapsed between the date Petitioner's sentence became final and the filing of the instant habeas petition. In light of these facts, this Court asked Petitioner to show cause as to why his untimely petition should not be dismissed.

In response to the Court's Order to Show Cause, Petitioner attributes the delay to unresponsive post-conviction counsel. Under AEDPA, tolling may occur if the factual predicate of a claim is discovered, through the exercise of due diligence, more than one year after the criminal judgment became final. 28 U.S.C. § 2244(d)(1)(D). Petitioner claims he learned of the denial of his motion for post-conviction relief on February 19, 2015, which is 230 days after his motion was denied on July 7, 2014. Petitioner argues he should not be held responsible for this delay, and that he immediately wrote to post-conviction counsel with instructions to appeal. He states he waited months and received no response, eventually sending more letters and calling counsel. Petitioner has not produced any evidence of the aforementioned letters and communications. Therefore, Petitioner fails to show he diligently pursued his rights and is entitled to additional tolling. Furthermore, even if he had produced such evidence, the statute of limitations would only toll until February 19, 2015, the date he learned of the denial of his motion. If this were the case, Petitioner would have still waited over two years to file the instant petition.

Under AEDPA, there are two additional situations in which tolling may occur. First, tolling may occur until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Second, tolling may occur until "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the

---

On December 14, 2016, the Court of Appeals *sua sponte* dismissed Petitioner's appeal due to his failure to comply with court rules. This application for collateral relief does not toll the one-year limitations period, because it was filed after the expiration of the limitations period. *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003).

4

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* at § 2244(d)(1)(C). Petitioner has not alleged the State created an impediment to filing post-conviction relief, nor has he alleged the Supreme Court has newly recognized a constitutional right that has been made retroactively applicable to his case. Thus, Petitioner is not entitled to additional tolling under these options. The Court also considers whether Petitioner is entitled to equitable tolling under another theory.

Equitable tolling affords an otherwise time-barred petitioner an "exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). In *Pace v. DiGuglielmo*, the Supreme Court held equitable tolling may apply to petitions filed under 28 U.S.C. § 2254. 544 U.S. 408, 411-12, 418 (2005). A petitioner seeking equitable tolling bears the burden of establishing: (1) he has pursued his rights diligently, and (2) some extraordinary circumstance stood in his way. *Id.* at 418. Guided by *Pace*, the Eighth Circuit requires the circumstances to be "external to the plaintiff and not attributable to his actions." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002). The circumstances must also "rise above a 'garden variety claim of excusable neglect.'" *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (citation omitted). Respondent argues Petitioner has provided no evidence to support additional tolling.

Petitioner argues ineffective assistance of counsel is responsible for his failure to appeal the denial of post-conviction relief, which also led to the untimeliness of his habeas petition. Petitioner claims he wanted to appeal, but counsel's unresponsiveness to his phone calls and letters caused him to miss the deadline. The Eighth Circuit has held it is the court's task "to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817-18 (8th Cir. 2008). In *Murray v. United States*, the petitioner attempted to contact counsel about the status of his appeal but never reached out to the court. No. 07-3687, 2009 WL 590021, at *1 (8th Cir. 2009) (per curiam). The Eighth Circuit held the petitioner did not exercise diligence in discovering no appeal had been filed. *Id.* Similarly, in

5

*Muhammad v. United States,* the Eighth Circuit held petitioner did not exercise diligence, because he "did nothing to monitor the status of his case" beyond writing and calling counsel. 735 F.3d 812, 817 (8th Cir. 2013). Unlike the petitioner in *United States v. Martin*, who, along with his wife, "did everything in their power to stay abreast of the status of his case." 408 F.3d 1089, 1095 (8th Cir. 2005). This included filing motions for an extension of time, filing a complaint with the California Bar, and promptly filing a habeas petition when those efforts failed. *Id.* Petitioner does not claim to have contacted the court to inquire about the status of his case or potential appeal. Moreover, Petitioner did not write the Director of the Missouri Public Defender System until January 2016. Further, it appears Petitioner declined to appeal, as District Defender Gwenda Robinson's letter dated January 12, 2016, indicated Petitioner chose not to appeal on or around July 6, 2015 [12]. The Court finds Petitioner did not do everything in his power to monitor the status of his case and thus, did not exercise the requisite diligence required by a petitioner in his circumstances.

Even if he had pursued his rights diligently, the Court finds the unresponsiveness of Petitioner's post-conviction counsel did not rise to the level of extraordinary circumstances described in *Pace*. 544 U.S. 408, 418 (2005). The Eighth Circuit has noted "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance." *Martin*, 408 F.3d at 1093. Serious attorney misconduct, on the other hand, may elicit equitable tolling. *Id.* For example, in *Martin*, petitioner's attorney lied about deadlines and the status of his case, refused to communicate with the petitioner and his family, neglected to file documents, and refused to return paperwork to petitioner. *Id.* at 1095-96 (holding that petitioner was entitled to equitable tolling). Further, in *Muhummad*, the Eighth Circuit held counsel's unresponsiveness to petitioner's phone calls and letters did not amount to extraordinary circumstances that prevented him from timely filing a habeas petition. 735 F.3d at 815-16. Here, there is no evidence Petitioner's counsel engaged in the serious attorney misconduct described in *Martin* that would have prevented him from filing the present habeas petition. 408 F.3d at 1093.

Despite any unresponsiveness by counsel, Petitioner had months before each of the filing deadlines to appeal the denial of his motion for post-conviction relief and file the present habeas petition. Instead, Petitioner waited four years to file the present habeas petition. In conclusion, Petitioner is not entitled to equitable tolling, and the present petition will be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that John Scott Thomas, III's *Pro Se* Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a person in state custody is **DENIED**.

So ordered this 5th of July**,** 2018.

_____
 E. RICHARD WEBBER
 SENIOR UNITED STATES DISTRICT JUDGE